# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPICE JAZZ LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>YOUNGEVITY INTERNATIONAL, INC. *et al.*,<br><br>                  Defendant. | Case No. 19-cv-583-BAS-WVG<br><br>**ORDER DENYING MOTION TO AUTHORIZE SERVICE BY PUBLICATION**<br><br>**[ECF No. 25]** |

On March 29, 2019, Plaintiff Spice Jazz LLC's filed a complaint against Defendants Youngevity International, Inc. and Bianca Reyne Djafar-Zade. (ECF No. 1.) Plaintiff then filed a first amended complaint against these two Defendants, which Defendant Youngevity moved to dismiss. (ECF Nos. 10, 13.) Ms. Djafar-Zade had not yet been served. The Court granted in part Youngevity's motion to dismiss, granted Plaintiff leave to amend, and noted that Plaintiff must serve all named Defendants with its amended complaint. (ECF No. 19, at 19.) Plaintiff then filed a second amended complaint, again serving only Youngevity. The Court therefore ordered Plaintiff to show cause why Djafar-Zade had not been served. In response, Plaintiff filed a motion seeking permission to serve Djafar-Zade by publication. (ECF No. 25.)

The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **DENIES** Plaintiff's Motion without prejudice.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure allow service of process as permitted by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in" Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a).

In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995).

## II. ANALYSIS

### A. Reasonable Diligence

Plaintiff's counsel Mr. Zapendowski submits a declaration detailing the efforts undertaken to serve Djafar-Zade. ("Decl.," ECF No. 25-2.) Djafar-Zade resided at an address in Vacaville, California while employed by Plaintiff, but counsel declares that Djafar-Zade now cannot be located at that address. (*Id.* ¶ 2.) Mr. Zapendowski

flew to Australia, where Djafar-Zade's mother is believed to reside, and met with several witnesses. (*Id. ¶* 4.) The witnesses told Zapendowski that Djafar-Zade's last known address was the Vacaville address. (*Id.*) Plaintiff also paid for a "Skip Trace" service in an attempt to locate Djafar-Zade, but the service only turned up the same Vacaville address. (*Id.* ¶5.) Zapendowski also looked through social media and all available public records and could determine no location for Djafar-Zade except for her past Vacaville address. (*Id.* ¶ 6.)

The Court finds that it does not have enough information to determine whether Plaintiff has engaged in reasonable efforts to locate Djafar-Zade. With no further detail, Zapendowski declares that Djafar-Zade "could not be located" at the Vacaville address. It is unclear what this means—was service of process attempted at this address? If so, how many times and when? Did counsel or the process server speak to any neighbors to determine whether Djafar-Zade still lived at the Vacaville address? Further, has counsel attempted to ask anyone (namely, Djafar-Zade's mother or former co-workers) where she currently lives? *See Kott*, 45 Cal. App. 4th at 1137 (providing that a plaintiff could inquire of the defendant's "relatives, friends, and acquaintances" in an attempt to learn the defendant's whereabouts). Without this information, the Court cannot say that Plaintiff has exercised reasonable diligence to locate Djafar-Zade.

### B. <u>Claims Against Djafar-Zade</u>

In addition to a showing of diligence, California law requires a party seeking service by publication to show that a "cause of action exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a)(1). The proponent must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *McNamara v. Sher*, No. 11-CV-1344-BEN WVG, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012).

Plaintiff brings two causes of action against Djafar-Zade: fraud and breach of fiduciary duty. In Zapendowski's declaration, he states that while in Australia, he

spoke to Plaintiff's former Chief Operations Officer, Kylie Burnett, who confirmed the truth of Plaintiff's allegations against Djafar-Zade. Burnett "was responsible for monitoring the work of Plaintiff's entire core of key employees and confirmed that Ms. Djafar-Zade was on the Company payroll due to her mother's influence, but did not actually perform any work for the company or even go into the office." (Decl. ¶ 7.) Counsel includes no further details. This one statement in counsel's declaration is not sufficient to show the existence of causes of action for fraud and breach of fiduciary duty against Djafar-Zade.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion.

**IT IS SO ORDERED.**

DATED: January 6, 2020

Hon. Cynthia Bashant
United States District Judge