# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPICE JAZZ LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>YOUNGEVITY INTERNATIONAL, INC. *et al.*,<br><br>　　　　　　　　Defendant. | Case No. 19-cv-583-BAS-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[ECF No. 21] |

Plaintiff Spice Jazz LLC was once a successful multi-level marketing operation with profits in the millions of dollars. Plaintiff is now bankrupt, and it alleges this downfall occurred because of the actions of Colleen Walters and Defendant Youngevity International, Inc. Plaintiff has filed a complaint against Youngevity as well as Plaintiff's former employee Bianca Reyne Djafar-Zade. Youngevity moved to dismiss the complaint. (ECF No. 13.) The Court granted in part and denied in part the motion, granting Plaintiff leave to amend. ("Prior Order," ECF No. 19.) Plaintiff then filed a second amended complaint. ("SAC," Second Amended Complaint, ECF No. 20.) Youngevity moves to dismiss the SAC in part.

– 1 –

("Mot.," ECF No. 21.) Plaintiff filed an opposition to the Motion, ("Opp'n," ECF No. 23), to which Youngevity filed a reply, ("Reply," ECF No. 24).

The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I. FACTUAL ALLEGATIONS

Plaintiff sold culinary recipes and spices to customers using a multi-level marketing ("MLM") sales force composed of individual sales representatives. (SAC ¶ 2.) Sales force members were recruited, provided with marketing materials and strategies, entrusted with secret recipes, and encouraged to sell the products throughout Australia and the United States. (*Id.*) Plaintiff hired Colleen Walters to be its CEO, and Walters successfully recruited sales team members and ran the company's operation. (*Id.* ¶¶ 19, 21.) But during her employment with Plaintiff, Walters worked with Defendant Youngevity, a direct competitor also running an MLM sales force. (*Id.* ¶¶ 21, 27.) Walters "hatched a scheme" to steal Plaintiff's business and bring it to Youngevity, who offered her "a sweeter deal for her spices." (*Id.* ¶¶ 27, 28.) Walters then left Plaintiff's company, taking with her all of Plaintiff's sales force and "a treasure trove of proprietary recipes and products." (*Id.* ¶ 31.) Youngevity allegedly "look[ed] the other way" when Walters brought over a wealth of valuable information, or maybe conspired with her in a plan to "sabotage Plaintiff's business operation." (*Id.* ¶¶ 66, 71.)

Plaintiff brings claims against Youngevity and against Bianca Reyne Djafar-Zade. Ms. Djafar-Zade was an employee on Plaintiff's payroll but "never actually" did any work, by virtue of being Walters' daughter. (*Id.* ¶ 90.) Djafar-Zade is not a part of the pending Motion.

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R.

Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. ANALYSIS

Youngevity moves to dismiss only some of Plaintiff's causes of action.

#### A. **Interference with Prospective Economic Relationships Claim**

Plaintiff previously brought two claims for tortious interference with prospective economic relationships: one negligent and one intentional. The Court

dismissed without prejudice the negligent interference with prospective economic relationships claim because Plaintiff has not pled that Youngevity owed it any duty, (Prior Order at 10–11) but denied the motion to dismiss the intentional interference with prospective economic relationships claim. (*Id.* at 13–14.) In its amended complaint, Plaintiff again includes allegations for intentional interference. Plaintiff's claim stems from the allegation that Plaintiff lost future business opportunities because "Plaintiffs' existing sales force members were actively recruiting additional members, and would have continued to do so but-for Defendants' wrongful conduct." (SAC ¶ 121.) "Plaintiff had a reasonable likelihood—indeed a certainty—of entering into profitable economic relationships with additional sales force members as its business continued to grow." (*Id.* ¶ 122.)

The Court previously addressed Youngevity's argument that the interference claim should be dismissed because "the alleged interference must have been wrongful by some measure beyond the fact of the interference itself." (Prior Order at 14 (quoting *Crown Imports, LLC v. Superior Court*, 223 Cal. App. 4th 1395, 1404 (2014)). After analyzing Plaintiff's claim and finding it sufficiently pled, the Court denied the motion to dismiss the claim. Youngevity now moves to dismiss the claim based on two new grounds: first because Plaintiff "fails to specifically identify the third party or parties with whom it had a prospective economic relationship" and second because "Plaintiff has not identified any facts from which the Court can reasonably infer that any identified party had a 'probability of future economic benefit.'" (Mot. at 3, 5.) Plaintiff argues Youngevity has waived its opportunity to make these arguments.

Courts are divided on the issue of whether a defendant may raise objections to causes of action that existed at the time it filed its previous motion to dismiss. On one hand, courts hold the defendant cannot raise such objections if the grounds for dismissal raised in a defendant's motion "could have properly been raised" in the original motion to dismiss. *See Bush v. Liberty Life Assurance Co. of Boston*, 130 F.

Supp. 3d 1320, 1326 (N.D. Cal. 2015); *Fed. Agric. Mortg. Corp. v. It's A Jungle Out There, Inc.*, No. C03-3721, 2005 WL 3325051, at *5 (N.D. Cal., Dec. 7, 2005) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading. . . ."). On the other hand, some courts see the filing of an amended complaint as an event that revives the defendant's opportunity to raise any defense, allowing defendants "to challenge the *entire* amended complaint—including those causes of action the court had previously found sufficient." *See e.g.*, *O'Connor v. Uber Techs, Inc.*, 58 F. Supp. 3d 989, 996 (N.D. Cal. 2014); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1098 (S.D. Cal. 2010) ("When Plaintiffs filed the FACC, it superseded their previous complaint, and Sony was therefore free to move again for dismissal.").

The Court finds the second string of cases to be more persuasive, as the Court is disinclined to deny a motion to dismiss solely on procedural grounds and prefers to resolve matters on their merits. If a defendant's objection to a cause of action is valid (which, as seen herein, it is), the Court does not find it to be judicially efficient to allow a cause of action to go forward if it is insufficiently pled. Thus, the Court turns to Youngevity's arguments.

The elements of the tort of intentional interference with prospective economic advantage are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts of the part of the defendant designed to disrupt the relationship (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korean Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1143, 1153 (2003).

Youngevity argues Plaintiff has not pled a relationship between it and a third party, as plaintiff must "specifically identify the third party or parties with whom it

had a prospective economic relationship." (Mot. at 3.) Indeed, a plaintiff may not vaguely claim a defendant disrupted a potential economic relationship with "prospective customers" or "the general public." *See Varsity News Network, Inc. v. Carty Web Strategies, Inc.*, 17-cv-2574 PSG (Ex), 2017 WL 7201873, at *11 (C.D. Cal. Aug. 30, 2017); *Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*, No. 11-cv-565, 2011 WL 5360074, at *5 (S.D. Cal. Nov. 3, 2011). Plaintiffs "must allege a relationship with 'a specific, albeit unnamed' third party." *R Power Biofuels, LLC v. Chemex LLC*, No. 16-cv-716-LHK, 2016 WL 6663002, at *16 (N.D. Cal. Nov. 11, 2016) (quoting *Ramona Manor Convalescent Hosp. v. Care Enterps.*, 177 Cal. App. 1120, 1133 (1986)).

Here, Plaintiff pleads that Youngevity interfered with Plaintiff's "future business opportunities" with "additional sales force members." (SAC ¶¶ 121, 122.) "Plaintiff was a growing business, with a growing marketing sales force, whose very essence was incentivizing sales force members to recruit new sales force members. Accordingly, Plaintiff had a reasonable likelihood—indeed a certainty—of entering into profitable economic relationships with additional sales force members as its business continued to grow." (*Id.* ¶ 122.)

To define the third party in this cause of action as any and all potential, additional sales force members is insufficient. This could include anyone, as there does not appear to be any limits or restriction on who the existing sales force members could have recruited to sell Plaintiff's products. This tort cannot be applied "to hypothetical relationships not developed at the time of the allegedly tortious acts." *Silicon Labs Integration, Inc. v. Melman*, No. C08–04030–RMW, 2010 WL 890140 (N.D. Cal. Mar. 8, 2010). Allegations that a defendant interfered with a relationship with an "as yet unidentified" customer will not suffice. *See, e.g.*, *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 527 (1996) ("Without an existing relationship with an identifiable buyer, [plaintiff's] expectation of a future sale was 'at most a hope for an economic relationship and a desire for

future benefit'"). Because it has not identified a specific third party, Plaintiff cannot claim that the third party could have provided it with a "probability of future economic benefit." Plaintiff's allegations here are no different than pleading it has a potential economic relationship with future unnamed employees or consumers. Such a claim fails. *See Damabeh v. 7-Eleven, Inc.*, No. 5:12-CV-1739-LHK, 2013 WL 1915867, at *10 (N.D. Cal. May 8, 2013).

The Court **GRANTS** Youngevity's Motion to Dismiss the fourth cause of action. Because it is possible that Plaintiff can amend this claim, the Court dismisses the claim with leave to amend.

### B. Trade Secret Misappropriation Claims

Youngevity moves to dismiss the misappropriation of trade secret claims "to the extent those claims are based on spice recipes not identified in the SAC." (Mot. at 5.)

Youngevity previously argued that Plaintiff had not described its alleged trade secrets in enough detail. A plaintiff need not "spell out the details of the trade secret," *Autodesk, Inc. v. ZWCAD Software Co., Ltd.*, No. 14-cv-1409, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015), but must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012) (quoting *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (1968)). The Court dismissed the claim because Plaintiff had only generally described its trade secrets as its "spice blends and recipes" and this did not provide Youngevity with enough detail to understand "the boundaries" of the trade secret. (Prior Order at 15.)

Plaintiff amended the claim to add examples of certain recipes it alleges were misappropriated, specifying that these spice blends were stored on a password-protected spreadsheet. (SAC ¶¶ 35–36, 40–47.) Youngevity argues that Plaintiff's

– 7 –

misappropriation claims should be limited to only the listed spice recipes. (Mot. at 9.) The Court declines to set such a ruling at this stage. The Court's evaluates whether Plaintiff has sufficiently alleged the details of its trade secret. In pleading misappropriation, plaintiffs may not include "vague pleading with the blanks to be artfully filled in only after discovery," and must "identify, up front, and with specificity the particulars of the trade secrets." *Jobscience, Inc. v. CV Partners, Inc.*, No. C 13-04519 WHA, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014). Plaintiff has done so. Youngevity is on notice of Plaintiff's claims and the Court declines to set any limiting rules now regarding Plaintiff's trade secret claims. The Court **DENIES** Youngevity's motion to dismiss Plaintiff's misappropriation claims.

### C. Restitution Claim

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). But a restitution theory is not irrelevant, as it describes "the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Id.* If a plaintiff alleges unjust enrichment, a court may construe the claim "as a quasi-contract claim seeking restitution." *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221 (2014)).

In its prior order, the Court construed Plaintiff's restitution claim as a quasi-contract claim seeking restitution but found that Plaintiff had not alleged any facts to show a quasi-contractual relationship. (Prior Order at 12.) Plaintiff amended the cause of action to contain more allegations against both Djafar-Zade and Youngevity; the Court only focuses on the allegations against Youngevity. Plaintiff alleges Youngevity received benefits from Plaintiff in the form of key employees and members of the sales force. Plaintiff alleges Youngevity "conspired with" Walters to steal Plaintiff's sales force and obtained benefits through fraud and duress. This "fraud, duress, conversion or similar conduct give [sic] rise to a quasi-contractual

relationship between Plaintiff and these Defendants." (SAC ¶ 192.)

Even if Youngevity formed an agreement with Walters to defraud Plaintiff, this does not create a quasi-contractual relationship between Youngevity and Plaintiff. An unjust enrichment theory cannot exist without a prior relationship between the parties. *Doe I. v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 685 (9th Cir. 2009). There is no prior relationship or contractual relationship between Plaintiff and Youngevity before this lawsuit. Therefore, Plaintiff has not stated a restitution claim and cannot amend the cause of action to sufficiently state a claim. Accordingly, the Court **GRANTS** the motion to dismiss this cause of action and dismisses it with prejudice.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Youngevity's motion to dismiss. If Plaintiff seeks to file an amended complaint, it may do so <u>on or before March 24, 2020</u>. If Plaintiff does not file an amended complaint by this date, Defendant shall file an answer to the complaint <u>on or before March 31, 2020.</u>

**IT IS SO ORDERED.**

DATED: March 11, 2020

Hon. Cynthia Bashant
United States District Judge

---

[1] The Court only dismisses the restitution cause of action. In its prayer for relief, Plaintiff seeks, *inter alia*, "the unjust enrichment caused by the misappropriation of Plaintiff's trade secrets." Youngevity did not file a motion to strike this remedy.

– 9 –