# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPICE JAZZ LLC,<br><br>    Plaintiff,<br><br>v.<br><br>YOUNGEVITY INTERNATIONAL, INC. *et al.*,<br><br>    Defendant. | Case No. 19-cv-583-BAS-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE SERVICE BY PUBLICATION**<br><br>**[ECF No. 29]** |

On March 29, 2019, Plaintiff Spice Jazz LLC's filed a complaint against Defendants Youngevity International, Inc. and Bianca Reyne Djafar-Zade. (ECF No. 1.) Plaintiff then filed a first amended complaint against these two Defendants, which Defendant Youngevity moved to dismiss. (ECF Nos. 10, 13.) Ms. Djafar-Zade had not yet been served. The Court granted in part Youngevity's motion to dismiss, granted Plaintiff leave to amend, and noted that Plaintiff must serve all named Defendants with its amended complaint. (ECF No. 19, at 19.) Plaintiff then filed a second amended complaint, again serving only Youngevity. The Court therefore ordered Plaintiff to show cause why Djafar-Zade had not been served. In response, Plaintiff filed a motion seeking permission to serve Djafar-Zade by publication. (ECF No. 25.) The Court denied the motion without prejudice. (ECF

– 1 –

No. 27.) Plaintiff filed a renewed motion. ("Mot.," ECF No. 29.) Defendant Youngevity filed an opposition to the Motion ("Opp'n," ECF No. 30)[1] to which Plaintiff replied ("Reply," ECF No. 33).

The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **GRANTS** Plaintiff's Motion.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure allow service of process as permitted by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in" Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a).

In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995).

---

[1] There is a debate as to whether Youngevity has standing to oppose Plaintiff's motion to serve Djafar-Zade by publication. As the Court rejects Youngevity's arguments herein, it does not decide the standing argument.

## II. ANALYSIS

### A. Reasonable Diligence

Plaintiff's counsel Mr. Zapendowski submits a declaration detailing the efforts undertaken to serve Djafar-Zade. ("Zapendowski Decl.," ECF No. 29-2.) Djafar-Zade resided at an address in Vacaville, California while employed by Plaintiff, but counsel declares that Djafar-Zade now cannot be located at that address. (*Id.* ¶ 2.) Mr. Zapendowski flew to Australia, where Djafar-Zade's mother is believed to reside, and met with several witnesses. (*Id.* ¶ 4.) The witnesses told Zapendowski that, to their knowledge, Djafar-Zade's last known address was the Vacaville address. (*Id.*) Plaintiff also paid for a "Skip Trace" service in an attempt to locate Djafar-Zade, but the service only turned up the same Vacaville address. (*Id.* ¶5.) Zapendowski also looked through social media and all available public records and could determine no location for Djafar-Zade except for her past Vacaville address. (*Id.* ¶ 6.)

A process server attempted service at the Vacaville address multiple times. ("Houlihan Decl.," ECF No. 29-3.) He spoke with neighbors who informed him that Ms. Djafar-Zade had moved out months ago, and they did not know her new address. (*Id.* ¶¶ 3, 4.)

The Court finds that Plaintiff has established it exercised "reasonable diligence" in attempting to locate and serve Djafar-Zade.

### B. Claims Against Djafar-Zade

In addition to a showing of diligence, California law requires a party seeking service by publication to show that a "cause of action exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a)(1). The proponent must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *McNamara v. Sher*, No. 11-CV-1344-BEN WVG, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012).

Plaintiff brings two causes of action against Djafar-Zade: fraud and breach of

fiduciary duty. In its opposition, Youngevity argues Plaintiff has not sufficiently stated causes of action under Rules 9(b) and 12(b)(6). Youngevity cites no case, nor can the Court locate a case, for the proposition that such an evaluation is required at this stage. Instead, the Court must simply determine whether a "cause of action exists." Cal. Civ. Proc. Code § 415.50(a)(1). If the legislature had sought to impose a higher burden on the Court before it allows service by publication, the legislature could have done so. Plaintiff has submitted a declaration by Kylie Burnett, Plaintiff's former chief operating officer, who oversaw Djafar-Zade and other staff. (ECF No. 29-4.) Burnett attests that Djafar-Zade did not perform the work she was assigned, but would submit hours saying she was working, and receive a paycheck for that time. (*Id.*) This is sufficient to establish a cause of action against Djafar-Zade.

The Court is not holding that every allegation or every cause of action alleged against Djafar-Zade is legally sound, the Court is only holding that Plaintiff has established that it has sufficient evidentiary support for at least one cause of action against Djafar-Zade.

### C. Plaintiff's Requested Service

When a court permits service by publication, it "shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal Code Civ. Proc. § 415.50(b). "Publication of notice . . . shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day." Cal. Gov't Code § 6064. Plaintiff seeks to serve Djafar-Zade by publishing the Summons for four consecutive weeks in "The Reporter" which Zapendowski declares is the most popular local newspaper covering Vacaville, California. (Zapendowski Decl. ¶ 8.) The Court agrees that publication in "The

Reporter"—which is published in the area where Ms. Djafar-Zade last lived—is the publication most likely to give notice to Djafar-Zade.

Further, Plaintiff also requests that it be ordered to email the Summons against Djafar-Zade to the last known email address for Colleen Walters, Djafar-Zade's mother and Plaintiff's former CEO. The Court will order the email as a way to increase the chances that Djafar-Zade is informed of this lawsuit.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Alternative Service. In another order issued concurrently, the Court grants in part and denies in part Youngevity's motion to dismiss and grants Plaintiff leave to file a third amended complaint. Plaintiff may serve Djafar-Zade with said third amended complaint. If Plaintiff elects not to file a third amended complaint, it may serve Djafar-Zade with its second amended complaint.

Plaintiff shall perfect service on Bianca Reyne Djafar-Zade within sixty (60) days of the date of this Order by publishing the Summons to Ms. Djafar-Zade in "The Reporter" for four consecutive weeks. Publication shall comply with California Government Code § 6064. A copy of the Summons, the Amended Complaint, and this Order shall be mailed to Ms. Djafar-Zade if her current address is ascertained before expiration of the time prescribed for publication of the Summons.

Plaintiff shall also serve the Summons against Ms. Djafar-Zade to the last known email address for Colleen Walters, with a statement in the body of the email stating that attached is a Summons and Complaint initiating a civil lawsuit for fraud and breach of fiduciary duty in the United States against Bianca Reyne Djafar-Zade. Plaintiff shall also attach a copy of this Order to the email to Ms. Walters.

**IT IS SO ORDERED.**

**DATED: March 11, 2020**

Hon. Cynthia Bashant
United States District Judge

– 5 –