UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPICE JAZZ LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>YOUNGEVITY INTERNATIONAL, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 19-cv-0583-BAS-DEB<br><br>**ORDER DENYING SPICE JAZZ'S MOTION TO DISMISS YOUNGEVITY'S AMENDED COUNTERCLAIM**<br><br>**(ECF No. 85)** |

　　　　This action arises from a dispute between two multi-level marketing ("MLM") companies selling culinary products.  Plaintiff Spice Jazz sued Defendant Youngevity International, Inc. and others for misappropriating trade secrets and stealing Spice Jazz's employees.  In turn, Youngevity brought a counterclaim against Spice Jazz, alleging that Spice Jazz falsely advertised its products' availability in violation of the Lanham Act, 15 U.S.C. §§ 1125 *et seq.*  Spice Jazz moves to dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6) and asks the Court to rule that Youngevity fails to state a false advertising claim under the Lanham Act.  The Court finds Spice Jazz's motion suitable for determination on the papers submitted and without oral argument.  *See* Fed. R. Civ. P.

78(b); Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Spice Jazz's motion.

## I. BACKGROUND

As alleged in Youngevity's First Amended Counterclaim, Youngevity is an MLM company organized in 1997. (First Am. Countercl. ("FACC"), ECF No. 79 ¶ 2.) Your Inspiration at Home Party Ltd. ("YIAH") is an MLM company founded in Australia by Colleen Walters, which sells culinary spices and kitchen products. (*Id.* ¶ 11.) Walters sold YIAH to a company that is now known as JRjr33, Inc. ("JRJR"). (*Id.* ¶¶ 12–13.)

JRJR expanded YIAH's operations to United States and four other countries, in addition to YIAH's home base in Australia. (FACC ¶ 14.) JRJR formed Spice Jazz LLC, through which JRJR operated YIAH in the United States. (*Id.* ¶ 16.) The YIAH entities had substantially the same officers, including Walters, who served as their CEO through April 2017. (*Id.* ¶¶ 17, 22.) JRJR exercised exclusive control over the finances of the YIAH entities. (*Id.* ¶¶ 23–27.) The YIAH entities sold substantially the same products manufactured in Australia, using substantially the same marketing materials. (*Id.* ¶¶ 19–21.)

The YIAH entities' product catalogue, as well as their Facebook page, stated that their products were available for purchase and shipment. (FACC ¶¶ 40, 42.) More specifically, the catalogues stated that "[a]ll items in this catalogue are available at the time of printing, but may be discontinued without notice." (*Id.* ¶ 41.) The YIAH entities' President, John Rochon Jr., also told the distributors that the products would be available, through correspondence and a conference call. (*Id.* ¶¶ 48–50.)

According to Youngevity, the products that the YIAH entities falsely advertised as available were: Roasted Onion Lemon Thyme Olive Oil, Garlic and Ginger Wasabi Olive Oil, Black Forest Dukkah, Chocolate Orange Powder, Wasabi and Chive Dip Mix, White Chocolate Powder, Canadian Steak Spice, Jamaican Jerk spice Blend, Tuscan Capsicum Pesto Dip Mix, County Onion and Chives Dip Mix, Veggie Dip Mix, Asian Inspired

Dukkah, Lemon Myrtle White Chocolate with Cranberry Dukkah, Mediterranean Olive Oil, and Moroccan Mint Tea. (FACC ¶ 44.)

At the same time the YIAH entities advertised those products, Youngevity sold the following products: Cocogevity products, Chocolate Shakes, Keto Bars, Teas, Coffees, Triple Treat Chocolates, Triple Truffle Chocolates, Hot Chocolates, Banana Shakes, Peanut butter Cups, Peanut Butter Truffles, and a line of "ready-to-prepare" food products including pastas, potatoes, rice, chilis, stews, soups, and pancakes. (FACC ¶ 47.)

After Spice Jazz sued Youngevity for allegedly conspiring with Walters to misappropriate Spice Jazz's trade secrets, Youngevity filed a Counterclaim under the Lanham Act. (Countercl. ("CC"), ECF No. 36.) Spice Jazz moved to dismiss the Counterclaim. (ECF No. 39.) The Court granted the motion, dismissed the Counterclaim without prejudice, and allowed Youngevity to amend the Counterclaim. *Spice Jazz LLC v. Youngevity Int'l, Inc.*, No. 19-CV-583-BAS-WVG, 2020 WL 3402250, at *5 (S.D. Cal. June 19, 2020).

Youngevity Amended the Counterclaim. (FACC.) Youngevity argues that Spice Jazz violated the false advertising provision of the Lanham Act, 15 U.S.C. § 1125(a), by advertising that certain products were available for sale when they were not. (FACC ¶¶ 39–55.) Spice Jazz now moves to dismiss Youngevity's Amended Counterclaim. (ECF No. 85.)

## II. LEGAL STANDARD

### A. Standing

Federal courts are limited to hearing "actual cases or controversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To plead standing, a plaintiff must allege the irreducible constitutional minimum of: (1) an injury in fact via "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) causation, i.e., the injury is "fairly traceable to the challenged action of the defendant"; and (3) redressability, i.e. it is "likely, as opposed to merely speculative, that the injury will be

redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560−61 (1992) (internal citations and quotations omitted).

"Each element of standing must be supported with the manner and degree of evidence required at the successive stage of litigation." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011.) At the pleading stage, a trial court must accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). General factual allegations of injury resulting from the defendant's conduct may suffice because the trial court presumes that general allegations embrace those specific facts necessary to support the claim. *Lujan*, 504 U.S. at 561. Failure to allege an actual case or controversy subjects a plaintiff's action to dismissal for lack of standing under Federal Rule of Civil Procedure 12(b)(1). *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010).

A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual challenge, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction. *Id.*

### B. Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Although the court accepts plaintiff's factual allegations as true, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. ANALYSIS

#### A. Standing

Spice Jazz seeks to dismiss Youngevity's Counterclaim for failure to allege an injury in fact. The Court construes the motion as requesting a dismissal under Rule 12(b)(1) for lack of standing, although Spice Jazz does not phrase its argument explicitly in these terms. Spice Jazz's Rule 12(b)(1) motion is a facial challenge because it is based entirely on the allegations in the FACC.

Spice Jazz argues that Youngevity argues no injury in fact because the FACC does not allege that Youngevity competed with Spice Jazz or that Spice Jazz's alleged misrepresentations proximately caused Youngevity to sustain an injury. The Lanham Act "authorizes suit by 'any person who believes that he or she is likely to be damaged' by a defendant's false advertising." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (quoting 15 U.S.C. § 1125(a)(1)). To have standing to bring a suit for false advertising under the Lanham Act, "a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 131–32. Only "plaintiffs whose injuries

are proximately caused by violations of the statute" have standing. *Id.* at 132. Thus, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133.

In a previous Order, the Court found that Youngevity did not sufficiently allege a concrete and particularized injury. *Spice Jazz*, 2020 WL 3402250, at *3. Specifically, the Court found that "Youngevity [did] not specify which products were allegedly unavailable, nor that Youngevity was selling a similar product at the time, such that the Court could determine that Youngevity was injured by [the false advertising] claim." *Id.* The Court therefore dismissed the claim without prejudice and granted Youngevity leave to amend its pleading. *Id.* at *5.

Pursuant to the Court's Order, Youngevity amended the Counterclaim to list the products that Spice Jazz allegedly did not have in stock when it advertised as being available between July 2016 and June 2017, along with the products that Youngevity sold during the same period:

| Spice Jazz Products | Youngevity Products |
|---|---|
| a. Roasted Onion Lemon Thyme Olive Oil | a. Cocogevity products; |
| b. Garlic and Ginger Wasabi Olive Oil | b. Chocolate Shakes; |
| c. Black Forest Dukkah | c. Keto Bars; |
| d. Chocolate Orange Powder | d. Teas; |
| e. Wasabi and Chive Dip Mix | e. Coffees; |
| f. White Chocolate Powder | f. Triple Treat Chocolates; |
| g. Canadian Steak Spice | g. Triple Truffle Chocolates; |
| h. Jamaican Jerk Spice Blend | h. Hot Chocolates; |
| i. Tuscan Capsicum Pesto Dip Mix | i. Banana Shakes; |
| j. Country Onion and Chives Dip Mix | j. Peanut Butter Cups; |

- 6 -

19cv583

| | |
|---|---|
| k. Veggie Dip Mix<br>l. Asian Inspired Dukkah<br>m. Lemon Myrtle White Chocolate with Cranberry Dukkah<br>n. Mediterranean Olive Oil<br>o. Moroccan Mint Tea | k. Peanut Butter Truffles; and<br>l. GoFoods Products, which is a diverse segment of ready to prepare food mixes and blends including various types of pastas, potatoes, rice, chilis, stews, soups, and pancakes. |

(FACC ¶¶ 39, 44, 47.) Spice Jazz argues that Youngevity's amendment was futile because based on the alleged products, the two companies were not in competition with each other.

Spice Jazz's argument lacks merit. As an initial matter, the Supreme Court of the United States has already declined to adopt "a categorical test permitting only direct competitors to sue for false advertising." *Lexmark*, 572 U.S. at 134. The Supreme Court instead held that a plaintiff suing under the Lanham Act must allege an injury to a commercial interest proximately caused by the alleged violation. *Id.* at 131–32. At the pleading stage, the Court is required to construe the alleged facts in the light most favorable to Youngevity. *See Warth*, 422 U.S. at 501. So construing the facts, the Court finds it possible that Youngevity competed with Spice Jazz in selling overlapping products such as tea, chocolate-based foods, and "ready to prepare" food mixes.[1] The Court declines to accept Spice Jazz's alternative version of facts—that its products targeted individuals cooking at home while Youngevity's products did not—because to find so, the Court would need to assume facts not alleged in the FACC or draw factual inference in favor of Spice Jazz, which the rules governing Rule 12 motions prohibit. *See Cahill*, 80 F.3d at 337–38.

Spice Jazz also argues that the FACC lacks enough allegations that would establish that Youngevity sustained injury that was proximately caused by Spice Jazz's alleged conduct. At the pleading stage, general factual allegations of injury resulting from the

---

[1] The Court's finding does not limit the Counterclaim to these three product categories. Here, the Court's inquiry is limited to whether Youngevity has standing to sue Spice Jazz under the Lanham Act.

complained-of conduct is enough to establish standing. *Lujan*, 504 U.S. at 561. In the FACC, Youngevity alleges that

> Youngevity was injured as a result of the YIAH Entities', including Spice Jazz's, false or misleading advertising that its products were available for purchase and shipment. Youngevity lost profits as a result of those claims because consumers enrolled as consultants for Spice Jazz or YIAH instead of Youngevity, and/or because consumers purchased the Spice Jazz Products instead of the Youngevity Products based on those claims.

(FACC ¶ 55.) These allegations withstand a dismissal under Rule 12(b)(1).

Therefore, the Court denies Spice Jazz's Rule 12(b)(1) motion to dismiss FACC for lack of standing.

### B. Sufficiency of Factual Allegations

The elements of a false advertising claim under the Lanham Act are:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Federal Rule of Civil Procedure 9(b) applies to Lanham Act claims that are grounded in fraud. *Julian Bakery, Inc. v. Healthsource Int'l, Inc.*, No. 16CV2594-JAH (KSC), 2018 WL 1524499, at *4 (S.D. Cal. Mar. 28, 2018); *23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018) ("Although the Ninth Circuit has not definitively spoken as to whether Rule 9(b) applies to Lanham Act claims, the better reasoned [district court] authority is that, where a Lanham Act claim is predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation, then Rule 9(b) is applicable."). Because the allegations in support of Youngevity's Lanham Act claim are

based upon Spice Jazz's intentional misrepresentations, the claim is grounded in fraud and Rule 9(b) applies. *See Julian Bakery*, 2018 WL 1524499, at *4 (finding same).

The FACC has sufficient facts to support a plausible claim of false advertising under the Lanham Act against Spice Jazz. Youngevity alleges that between July 2016 through approximately June 2017, Spice Jazz falsely advertised to the consumers that its products were available when they were not. (FACC ¶¶ 39–44.) The Court has already found that Spice Jazz's alleged misrepresentations about product availability may support a claim for false advertising. *Spice Jazz*, 2020 WL 3402250, at *5. In that Order, the Court held that Youngevity's Counterclaim, prior to the amendment, satisfied the requirements of Rule 9(b) except for omitting detailed allegations about what products Spice Jazz advertised as available but were in fact not available. *Id.* Youngevity's amendment has cured that defect.

The allegations in the FACC support a plausible claim that Spice Jazz violated the Lanham Act by falsely advertising the availability of its products.

### C. Partial Dismissal of Factual Allegations

Spice Jazz challenges specific parts of Youngevity's factual allegations and argues that Youngevity cannot state a false advertising claim under the Lanham Act based on those allegations. Specifically, Spice Jazz argues that the Court should dismiss the following factual allegations: (1) allegations involving false representations made to the distributors by Rochon Jr.; (2) allegations involving conduct of foreign YIAH entities occurring outside of the United States; and (3) allegations that YIAH is Spice Jazz's alter ego.

"A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). In this Circuit, courts have declined to construe Rule 12(b)(6) as a vehicle "to strike certain allegations in support of a claim, where the underlying claim itself is not challenged." *See, e.g.*, *Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009).

Here, Spice Jazz asks the Court to do exactly that. The Court has already found that the FACC contains factual allegations that are enough to state a plausible claim for relief against Spice Jazz under the Lanham Act. *See supra* Part III.B. Thus, Youngevity's false advertising claim survives Spice Jazz's motion to dismiss regardless of whether Rochon Jr. lied to the distributors, whether the YIAH entities engaged in unlawful conduct outside of the United States, or whether the YIAH entities and Spice Jazz operated as one company. Therefore, the Court denies Spice Jazz's motion to dismiss those parts of the factual allegations raised in the FACC.

## IV. CONCLUSION

The Court **DENIES** Spice Jazz's motion to dismiss the FACC.

**IT IS SO ORDERED.**

**DATED: November 9, 2020**

Hon. Cynthia Bashant
United States District Judge